UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
(In Admiralty)

| | |
|---|---|
| In the Matter of the Complaint ) | |
| ) | |
| of ) | |
| ) | |
| THE MAINE MARITIME MUSEUM, as Owner of the ) | Civil Action: |
| Schooner MARY E, (O.N. 203729), Her Engines, ) | |
| Machinery, Tackle, Apparel, Appurtenances, etc., ) | |
| for Exoneration From or Limitation of Liability, ) | |
| Civil and Maritime, ) | |
| ) | |
| Plaintiff. ) | |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

**NOW COMES** the Plaintiff, The Maine Maritime Museum, ("MMM" or "Plaintiff") by and through its undersigned attorneys, Welte & Welte, P.A., and respectfully submits its Complaint seeking exoneration from or limitation of liability, pursuant of 46 U.S.C § § 30501 [et seq.] and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. The Maine Maritime Museum alleges, upon information and belief, the following:

1. This is a case of admiralty and maritime jurisdiction within 28 U.S.C., 1333, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The vessel was, at the time of the alleged casualty, owned solely by The Maine Maritime Museum a Maine not-for profit corporation with a principal place of business within this district at 243 Washington Street, Bath, County of Sagadahoc, State of Maine.

3. At all times material to this Complaint the vessel was a vessel as referred to in, and within the scope and purview of, the provisions of the Limitation of Liability Act, 46 U.S.C., Section 181, et. seq. as amended and as re-codified in 46 U.S.C. § 30501, *et seq.*, and venue is proper in this District. Plaintiff used due diligence to make the subject vessel seaworthy and safe, and prior to and at the time of the loss which occurred on July 30, 2021, the subject vessel was properly equipped and supplied, and in all respects seaworthy and fit for the services for which she was engaged.

4. This Complaint is being filed within six months of any claim made against Plaintiff in writing.

5. On or about July 30, 2021, the vessel sustained a knock-down while on a voyage in and about the Kennebec River, a navigable waterway of the United States of America. The voyage began at or about 1600 hours on that date from the vessel's berth at The Maine Maritime Museum at 243 Washington Street, Bath, Maine, and terminated upon her arrival back at her berth at the Maine Maritime Museum on or about August 1, 2021 at or about 1230 hours. The vessel sustained damages but was not lost or abandoned. The vessel currently lies within the District in the Port of Georgetown, Maine, at the Derecktor Robinhood shipyard where she arrived on or about August 2, 2021.

6. Although neither the vessel nor The Maine Maritime Museum has been sued in respect of any claim arising on the said event or resulting from it, Plaintiff believes claim(s) will be asserted for personal injury, pain and suffering and other damages. Plaintiff is informed and/or believes and so alleges that the amount of any such claim(s) and demand(s) will exceed the value of the vessel. Plaintiff believes that claims could or may also be made against it by other interests.

7. The Plaintiff denies that it caused or contributed to the injuries aforesaid by any negligence or fault on the part of the Plaintiff or of those for whom the Plaintiff is responsible, and Plaintiff denies that any such loss, damage, injury and destruction was done, occasioned by, or occurred with any privity or knowledge of your Plaintiff.

8. The vessel has a post-casualty value of $150,000.00. The aggregate amount of the claims made, so far as Plaintiff can now determine, do or will greatly exceed the amount of value of Plaintiff's interest in the vessel, and her pending freight following the occurrence.

9. The Plaintiff claims exemption from liability for any and all loss, destruction, damage and injury occasioned or incurred by or resulting from the incident aforesaid and for all claims for damages that have been made or may hereafter be made, and by reason of the facts hereinbefore set forth, the Plaintiff desires in this proceeding to contest its liability and the liability of said vessel to any extent whatsoever for any and all loss, destruction, damage and injury caused by or resulting from the matters aforesaid.

10. Not admitting but denying any liability of itself or of said vessel for any loss, destruction, damage and injury occasioned or incurred by reason of the matters aforesaid or subsequent damages resulting therefrom, the Plaintiff further claims the benefits of the Limitation of Liability provided by Sections 4283, 4284, 4285, and 4286 of the Revised Statutes of the United States Code, and Sections 182 through 189 of Title 46 of the United States Code, and the various statutes amendatory thereof and supplementary thereto, and as re-codified in 46 U.S.C. § 30501, *et seq*., and to that end the Plaintiff is ready and willing to give a stipulation with sufficient surety for the payment into Court of the amount or value, if any, of its interest in the vessel, together with her pending freight, if any, at the end of said voyage, whenever the same shall be ordered by this Court, as

provided by the aforesaid statues or by the Supplemental Rules for Certain Admiralty Claims and Asset Forfeiture Actions and the practice of this Honorable Court.

11.  All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

12. The Plaintiff further claims the benefit of an injunction under Rule F(3) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, enjoining the further prosecution or commencement of any action or proceeding against the Plaintiff, its Vessel, agents, or property with respect to any claim subject to exoneration or limitation in this action.

13.  Venue is proper in this district pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure; the Vessel has not been attached, or arrested, and upon information and belief the owner has not yet been sued and the Vessel is within this geographical district of this United States District Court for the District of Maine.

**WHEREFORE**, your Plaintiff prays:

(a)  That this Honorable Court issue an Order, as provided in Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, approving the Plaintiff's Appraiser's Report, as filed or to be filed with his Honorable Court.

(b)  That this Honorable Court approve Plaintiff, The Maine Maritime Museum's Stipulation for Costs of $250.00 as sufficient security for costs.

(c)  That the Court make an order directing the Plaintiff to file a letter of undertaking and/or bond to be approved by the Court, for the payment into Court of the amount of the

Plaintiff's interest in the said vessel whenever the Court shall so order or issue an order excusing the Plaintiff from furnishing a stipulation.

    (d)  That the Court make an order directing the issuance of a monition to all persons or and entities claiming damages for any and all loss, damage, or destruction done, occasioned or incurred by or resulting from the casualty, including any alleged injury of passengers, crewmembers, or others aboard or in proximity to the said vessel, citing them or their representatives to file with the clerk of this Court in said order and make due proof of their respective claims, and also to appear and answer the allegations of this petition according to the law and practices of this Court at or before a certain time to be fixed by the monition.

    (e)  That this Honorable Court issue an Order enjoining further prosecution of any and all actions, suits, or proceedings already commenced as well as the commencement or prosecution of any and all future actions, suits, or proceedings, of any nature or description whatsoever in any jurisdiction, against the Plaintiff, The Maine Maritime Museum, the Schooner MARY E, and their the agents, representatives, employees, or insurers, The Maine Maritime Museum, and/or against any property of Plaintiff, The Maine Maritime Museum, except in this action, to recover damages for or with respect to injury, death, casualty, loss and damages caused, done, occasioned, or incurred on the voyage described in this Complaint.

    (f)  That this Honorable Court in this proceeding adjudge the Plaintiff, The Maine Maritime Museum, is not liable and is exonerated with respect to any and all injury, loss, damage, or destruction caused by or resulting from the casualty, or with respect to injury, death, loss, and damage done, occasioned, or incurred on the voyage described in the Complaint, and that, in the alternative, if the Plaintiff, The Maine Maritime Museum,

shall be adjudged liable, that such liability be limited to the amount or value of the Plaintiff's interest in the Schooner MARY E at the end of the voyage described in the Complaint and the Appraiser's Report, and that the Plaintiff, The Maine Maritime Museum, be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, be divided pro rata according to the above mentioned statutes among such claimants in accordance with the provisions of the Order hereinabove prayed for, saving to each any priority to which he or she may be legally entitled, and that a decree may be entered, discharging the Plaintiff, The Maine Maritime Museum, and the MARY E from all further liability.

   (g)  That the Plaintiff may have such other or further relief as the justice of the cause may require.

Dated at Camden, Maine this 20th day of August, 2021.

                                          Respectfully submitted,

                                        THE MAINE MARITIME MUSEUM
                                        By Its Attorneys,

                                        WELTE & WELTE, P.A.

                                         /s/*William H. Welte*
                                        By: William H. Welte
                                        Attorney for Plaintiff
                                        13 Wood Street
                                        Camden, Maine 04843
                                        (207) 236-7786
                                        Bar No.: 3391

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2021, I electronically filed the within document with the Clerk of the Court by emailing the Complaint, and related documents, to newcases.portland@med.uscourts.gov.

/s/ *William H. Welte*
William H. Welte, Esq.