UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF THE MAINE MARITIME MUSEUM, AS OWNER OF THE SCHOONER MARY E, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ) ) ) Docket No. 2:21-cv-00238-NT ) ) ) |

**ORDER ON MOTION FOR RECONSIDERATION AND
MOTION FOR CERTIFICATE OF APPEALABILITY**

Before me are the Maine Maritime Museum's Motion for Reconsideration (ECF No. 68) and its Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF No. 67). For the reasons stated below, the motions are **DENIED**.

**BACKGROUND**

On March 17, 2023, I entered an Order on the Motion for Relief from Judgment and the Motion to Strike (the "**March 17 Order**"), in which I held that the Claimant, James Dotson ("**Dotson**" or the "**Claimant**"), (1) had standing to bring a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure, and (2) was entitled to relief from judgment because the Maine Maritime Museum (the "**Museum**") did not mail him a notice of its limitation action. Order on Mot. for Relief from J. and Mot. to Strike ("**March 17 Order**") 6, 9–10, 13 (ECF No. 63). Specifically, I found that Dotson, while not a party to the original limitation action, had standing because he was "sufficiently connected" to the litigation and could have brought a claim. March 17 Order 5–6. I also found that Dotson was entitled to relief from default judgment because that judgment had been granted on the understanding that the Museum had complied with my September 1, 2022 order (the "**September 1 Order**"),

which required the Museum to mail notice to "all known potential claimants," but the Museum had not complied with the September 1 Order as it pertained to Dotson. March 17 Order 9 (quoting Order Directing Issuance of Notice and Restraining Prosecution of Claims ("**September 1 Order**") 3 (ECF No. 10)). Now, the Museum moves for reconsideration of my March 17 Order, as well as for a certificate of appealability.

## DISCUSSION

### I. Motion for Reconsideration

The Museum asks me to reconsider my March 17 Order. Maine Maritime Museum's Mot. for Recons. ("**Mot. for Recons.**") 2 (ECF No. 68). In its reply, the Museum specifies that it is seeking reconsideration of "the issue of the adequacy of notice" pursuant to Local Rule 7(f) based on "newly available material evidence." Pl.'s Reply to Claimant Dotson's Resp. to Mots. for Certification for Interlocutory Appeal and Recons. ("**Museum's Reply**") 1 (ECF No. 74). Motions for reconsideration under Local Rule 7(f) must "be filed within 14 days from the date of the order unless the party seeking a reconsideration shows cause for not filing within that time." D. Me. Local R. 7(f). "Cause for not filing within 14 days from the date of the order includes newly available material evidence and an intervening change in the governing legal standard." *Id.*

Here, the Museum's motion for reconsideration was not filed within 14 days of my March 17 Order, but the Museum apparently seeks refuge in the "newly available material evidence" exception to the 14-day deadline. *See* Museum's Reply 1 & n.1. In

2

particular, the Museum asserts that Dotson recently produced medical records related to his pending worker's compensation claim, and that those records included a document that authorized Bath Iron Works to release Dotson's medical records to Joseph M. Orlando—Dotson's current counsel——for "legal purposes." Museum's Reply 3; *see also* Medical Rs. Authorization (ECF No. 74-1). Significantly, the document is dated September 29, 2022. Medical Rs. Authorization. The Museum asserts that the date on this document suggests that Dotson had acquired counsel weeks earlier than previously disclosed, which, in turn, goes "directly to the question of whether or not Claimant was diligent in preserving his claims once known to him, either directly or as imputed to counsel." Museum's Reply 6. In reply, the Claimant submits his own evidence purporting to show that Attorney Orlando was not obtained as counsel until October 17, 2022. *See* Claimant, James Dotson's Sur-Reply to Pl.'s Reply to Claimant's Opp'n to Pl.'s Mots. for Recons. and for Certification of Interlocutory Appeal Under 28 U.S.C. Sec. 1292(b) Filed by Maine Maritime Museum (ECF No. 75-1).

Ultimately, whether Dotson obtained counsel on September 29, 2022, or two and a half weeks later, on October 17, 2022, is of no moment. Even if I assume that Dotson acquired counsel by September 29, 2022, that fact would not change the conclusion reached in my March 17 Order that the Museum had failed to comply with my September 1 Order to provide mailed notice to "all known potential claimants," of which Dotson was one. *See* March 17 Order 9. Nor would this less-than-three-week

3

difference in timing alter my conclusion that "Dotson diligently pursued his claim" once he was made aware of the limitation action. March 17 Order 11.

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *FEDEQ DV004, LLC v. City of Portland*, No. 2:19-cv-00382-JHR, 2021 WL 4429798, at *3 (D. Me. Sept. 26, 2021) (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)). For the reasons outlined above, the newly discovered evidence proffered by the Museum does not make such an extraordinary remedy appropriate in this case. As such, the Museum's motion for reconsideration is denied.

## II. Motion for Certificate of Appealability

In its motion for a certificate of appealability, the Museum requests permission to appeal the March 17 Order pursuant to 28 U.S.C. § 1292(b). Mot. for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) ("**Mot. for Certification of Appeal**") 1 (ECF No. 67). "Section 1292(b) permits certification of controlling questions of law, as to which there is substantial ground for difference of opinion, the immediate appeal of which may materially advance the ultimate termination of the litigation." *Lawson v. FMR LLC*, 724 F. Supp. 2d 167, 169 (D. Mass. 2010).

"The First Circuit has interpreted § 1292(b) as imposing three requirements for a district court to grant leave to file an interlocutory appeal: (1) it must involve 'a controlling question of law;' (2) 'as to which there is substantial ground for difference of opinion;' and (3) for which 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.' " *Fed. Energy Regul. Comm'n v.*

*Silkman*, 1:16-cv-00205-JAW, 2019 WL 2619520, at *1 (D. Me. June 26, 2019) (quoting *Caraballo-Seda v. Mun. of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005)).

Meeting these requirements is no easy task. "Certifications under § 1292(b) are not looked upon with favor by the First Circuit." *Lawson*, 724 F. Supp. 2d at 168. "Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare." *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004). "The First Circuit has 'repeatedly emphasized that interlocutory certification under § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" *Fed. Energy Regul. Comm'n,* 2019 WL 2619520, at *1 (quoting *Caraballo-Seda*, 395 F.3d at 9).

Below I address each of § 1292(b)'s requirements for certification of appealability in turn.

### A. Controlling Question of Law

"A question of law is 'controlling' if reversal of the district court's order would terminate the action." *Philip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)). The Museum asserts, and the Claimant does not contest, that there are two controlling questions of law: (1) whether Dotson has standing to bring a Rule 60 motion; (2) whether the Museum was required to issue direct notice to Dotson. Mot. for Certification of Appeal 3–5. This factor weighs in favor of a certificate of appealability.

### B.   Advancement of the Ultimate Termination of Litigation

In this case, if the First Circuit were to reverse the Order on the Motion for Relief from Judgment, "this case would be over." *McEwen v. Nat'l Rifle Ass'n of Am.*, No. 2:20-cv-00153-LEW, 2022 WL 2073354, at *3 (D. Me. June 9, 2022), *appeal filed*, No. 22-1563. This factor thus also weighs in favor of a certificate of appealability.

### C.   Substantial Ground for Difference of Opinion

The next question is whether there is substantial ground for difference of opinion as to the two controlling questions of law. "[T]here is a 'substantial ground for difference of opinion' about an issue when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.' " *Philip Morris Inc.*, 957 F. Supp. at 330 (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)). Substantial ground for difference of opinion has been found, for example, where there is conflicting caselaw among district courts and/or issues that are unresolved by circuit courts of appeals. *See Waters v. Day & Zimmerman NPS, Inc.*, No. 19-11585-NMG, 2020 WL 4754984, at *3 (D. Mass. Aug. 14, 2020) (finding a substantial ground for difference of opinion where 13 district courts had reached one conclusion and 11 district courts had taken the contrary position, and where "neither the First Circuit nor any other Circuit Court of Appeals ha[d] yet addressed th[e] question"). Importantly, "[t]he issue must involve a legal principle rather than an application of a legal principle to a unique set of facts." *Id.* Moreover, "the level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." *United States v. Sampson*, 58 F. Supp. 3d 136, 149 (D. Mass. 2012) (citation omitted).

Here, the Museum says there is a substantial ground for difference of opinion as to both the standing and notice issues.

### 1.      Standing

As to standing, the Museum points out that I primarily relied on out-of-circuit authorities in concluding that Dotson had standing to bring a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. Mot. for Certification of Appeal 7. The Museum also suggests that there is caselaw within the First Circuit that adopts a narrower standing definition. Mot. for Certification of Appeal 7. I am not convinced.

First, although the First Circuit has not directly reached the issue of non-party standing to bring Rule 60 motions, persuasive authority from other circuits provides strong support for the conclusion I reached as to Dotson's standing. For example, the Fifth Circuit held in 2021 that non-party workers involved in a ship collision had standing to file a Rule 60 motion because they "could have been parties to the action." *In re GATX Third Aircraft Corp.*, 858 Fed. App'x. 692, 693 (5th Cir. 2021). And although the Museum cites district court cases from within the First Circuit in which standing was denied to non-parties, these cases do not reject the idea that non-parties might be granted standing in certain contexts. Indeed, one such case acknowledges that "exceptional circumstances" might support non-party standing. *See MCDP Phoenix Serv. PTE, Ltd. v. Fist Fin. Int'l Bank Inc.*, No. 20-1538(RAM), 2021 WL 3917032, at *3 (D.P.R. Sept. 1, 2021). For these reasons, the Museum has not demonstrated that there is a substantial ground for difference of opinion on the question of Dotson's standing.

**2. Notice**

As to notice, the Museum questions whether it was indeed required to provide mailed notice to Dotson under the Supplemental Rules for Admiralty or Maritime Claims. Specifically, the Museum asserts there is substantial ground for difference of opinion on this issue because "[w]hether or not the First Circuit would adopt the Court's unrestricted view that 'known potential claimants' includes all 'individuals and entities involved in the incident,' known to Plaintiff 'with possible' claims, or is limited to known claimants who appeared to have a potential claim based upon the known facts is unresolved at this point." Mot. for Certification of Appeal 8.

The Museum is missing the point. In my March 17 Order, I concluded that Dotson was entitled to direct notice, not because the Supplemental Rules required it, but rather because I had previously ordered the Museum to provide direct notice to "known potential claimants." As I explained in the March 17 Order,

> I required the Museum to provide notice to known potential claimants because the universe of potential claimants was limited and it seemed that the identities of the individuals and entities involved in the incident were known to the Museum. Although Supplemental Rule F only requires notice to active claimants, broader notice requirements are "consistent with [Supplemental] Rule F." *In re Fagerlin*, No. C 08–5225 SI, 2009 WL 393772, at *7 (N.D. Cal. Feb. 13, 2009); see also Benedict on Admiralty Vol. 3, § 80 (Lexis 2022) ("The court may direct a further service or longer publication [than that outlined in Supplemental Rule F] if it deems it advisable.").

March 17 Order 9 n.3.

The Museum seems to want to appeal the question of whether Dotson was entitled to direct notice under Rule F(4), but that was never the issue in this case.

8

Rather, the pertinent question addressed by my March 17 Order was whether Dotson was entitled to direct notice under my September 1 Order directing notice.[1]

The Museum presents no evidence that there is any disagreement among district courts on this extremely fact-bound issue, and it presents no support for the contention that the First Circuit would ultimately disagree with my determination. In addition, my March 17 Order was decided based primarily on a unique set of facts, rather than on any naked legal principle, and thus it is not easily generalizable. Accordingly, this is not a case in which the importance of the issue warrants lowering the level of uncertainty required to find a substantial ground for difference of opinion. *See Sampson*, 58 F. Supp. 3d at 149. In sum, the Museum has not demonstrated that there is a substantial ground for difference of opinion as to the issue of Dotson's entitlement to mailed notice.

### D.  Putting the Pieces Together

Overall, a certificate of appealability is not warranted here. While there are controlling questions of law and an appeal could advance the ultimate termination of the litigation, this is not the "exceptional" case where the proposed intermediate appeal presents "difficult and pivotal questions of law not settled by controlling authority." *Fed. Energy Regul. Comm'n*, 2019 WL 2619520, at *1 (quoting *Caraballo-Seda*, 395 F.3d at 9).

---

[1] As the Claimant points out, "[t]o the extent the [Museum] takes issue with the requirements of notice outlined in [the September 1 Order], that issue should have been resolved at the time the order was issued, not after a failure to adhere to [the] same." Claimant, James Dotson's Mem. in Opp'n to Pl.'s Mots. for Recons. [and] for Certification of Interlocutory Appeal Under 28 U.S.C. Sec. 1292(b) Filed by Maine Maritime Museum 3 (ECF No. 73).

## CONCLUSION

For the reasons stated above, the Court **DENIES** Maine Maritime Museum's Motion for Reconsideration (ECF No. 68) and its Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF No. 67).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 4th day of May, 2023.